UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Coast to Coast Leasing, LLC, | ) | Bankr. Case No. 24-03056 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |
| | ) | |
| | ) | |
| Coast to Coast Leasing, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proceeding No. 24-00172 |
| | ) | |
| M&T Equipment Finance Corporation, et al, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**Opinion Granting Motion for Temporary Restraining Order (Adv. Docket No. 3)**

**I. Jurisdiction**

The court has jurisdiction over this matter under 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the U.S. District Court for the Northern District of Illinois. This matter is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), matters concerning the administration of the estate.

**II. Background**

This matter comes before the court upon the Motion of the Plaintiff-Debtor, Coast to Coast Leasing, LLC, for Temporary Restraining Order (the "Motion") (Adv. Docket No. 3). The matter was heard in court on July 2, 2024 and on July 16, 2024.

The Motion seeks to enjoin four creditors—M&T Equipment Finance Corporation, Siemens

-1-

Financial Services, Inc., De Lage Landen Financial Services, Inc., and Crossroads Equipment Lease and Finance, LLC—from continuing any action in any pending or threatened civil litigation against the Debtor's principals—Hristo (Chris) Angelov, Petar (Peter) Trendafilov, Petar (Peter) Panteleymonov—and its two affiliates, Nationwide Cargo Incorporated and Five Star Garage. Motion (Adv. Docket No. 3), p. 1.

The affected creditors filed Notices of Objections to the Motion. *See* Adv. Docket Nos. 7, 8, 13, and 14. In support of the Motion, the Debtor filed Declarations of the Debtor's principals, the guarantors (Adv. Docket Nos. 15, 16, and 17) as well as a Memorandum of Law in Support of Motion for Temporary Restraining Order ("Memorandum of Law" or "Debtor's Mem. of Law") (Adv. Docket No. 19).

At the July 2, 2024 hearing, counsel for the affected creditors sought to be enjoined appeared and informed the court that the creditors do not consent to the relief sought in the Motion.

After the hearing, on July 2, 2024, the court entered an Order taking the matter under advisement and indicating that the Motion (Adv. Docket No. 3) was withdrawn as to creditor De Lage Landen Financial Services, Inc. *See* Order (Adv. Docket No. 22), ¶¶ 1-3. The court set the matter for a continued hearing on July 16, 2024 at 1:30 p.m.

### III. Discussion

This court previously ruled on a similar issue in *In re Gander Partners LLC*, where the court considered consolidated corporate Debtors' Motion for a Preliminary Injunction, which sought to enjoin three state court lawsuits seeking to foreclose on mortgages and recover on the nondebtor principals' guarantees securing the debt. *See* Debtor's Mem. of Law (Adv. Docket No. 19), p. 3 (citations omitted); *In re Gander Partners LLC*, 432 B.R. 781, 783-84, 787-89 (Bankr. N.D. Ill.

2010), *aff'd sub nom. Harris N.A. v. Gander Partners LLC*, 442 B.R. 883 (N.D. Ill. 2011), *vacated* (Feb. 9, 2011). There, the court granted the motion, enjoining the lawsuits against the nondebtor guarantors, finding the three requirements for a bankruptcy court to enjoin proceedings in other courts were met. *Id.* at 788 (citations omitted). In that case, this court noted that in *Fisher*, the Seventh Circuit held that "a bankruptcy court may enjoin proceedings in other courts under the following circumstances: (1) when such proceedings defeat or impair its jurisdiction over the case before it; (2) the moving party has established a likelihood of success on the merits; and (3) the court must consider whether the injunction will harm the public interest." *Id.* at 788 (citing *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. 1998)).

Subsequently, bankruptcy courts in this district have noted that in the context of a debtor seeking a preliminary injunction, "likelihood of success on the merits" means "the likelihood of a successful reorganization." *In re 1600 Hicks Rd. LLC*, 649 B.R. 172, 181-82 (Bankr. N.D. Ill. 2023) (citations omitted).

### A. *Purdue Pharma*

In *Harrington v. Purdue Pharma L.P.*, the U.S. Supreme Court held that "[t]he bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a nondebtor without the consent of affected claimants." *Harrington v. Purdue Pharma L. P.*, No. 23-124, 144 S. Ct. 2071, 2088 (2024) [hereinafter "*Purdue Pharma*].

In *Purdue Pharma*, the Supreme Court rejected the argument that 11 U.S.C. § 1123(b) permits a bankruptcy court to release *and* enjoin claims against a nondebtor without the claimants' consent. *Purdue Pharma*, 144 S. Ct. at 2081-83 (citations omitted). In a footnote, the Court

-3-

appeared to also reject the argument that § 105(a) permits such relief. Specifically, the Court stated that "[a]s the Second Circuit recognized, however, '§ 105(a) alone cannot justify' the imposition of nonconsensual third-party releases because it serves only to 'carry out' authorities expressly conferred elsewhere in the code." *Id.* at 2082 n.2 (citing *In re Purdue Pharma L.P.*, 69 F.4th 45, 73 (2d Cir. 2023), *cert. granted sub nom. Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 44, 216 L. Ed. 2d 1300 (2023), *and rev'd & remanded sub nom. Harrington v. Purdue Pharma L. P.*, No. 23-124,144 S. Ct. 2071 (2024); 2 R. Levin & H. Sommer, COLLIER ON BANKRUPTCY ¶105.01[1], p. 105–6 (16th ed. 2023)).

Although like the Sacklers, the guarantors (the nondebtor third parties at issue here) have not filed for bankruptcy, the court finds this scenario is distinguishable from the much broader relief sought in *Purdue Pharma*. *Purdue Pharma*, 144 S. Ct. at 2081. In that case, the Sacklers sought to release and enjoin claims against nondebtor third-parties without the claimants' consent outside of the context of 11 U.S.C. §§ 524(g)(4)(A)(ii).[1]

Here, the guarantors are not seeking a release of claims against them, unlike in *Purdue Pharma*. *Id.* at 2079, 2088. The guarantors, nondebtor third parties, are seeking a temporary restraining order to enjoin creditors from bringing claims against them until August 13, 2024. *See* Proposed Order (Adv. Docket No. 3).

### B. Cases After *Purdue Pharma*

The court notes that on July 11, 2024, District Judge Laura Taylor Swain of the Southern District of New York in the Financial Oversight and Management Board for Puerto Rico Bankruptcy

---

[1] For a discussion of nonconsensual injunctions against third-parties in the asbestos-related bankruptcy context, *see Purdue Pharma*, 144 S. Ct. at 2085 (citing 11 U.S.C. §§ 524(g)(4)(A)(ii) and 1123(b)(6); *Bittner v. United States*, 598 U. S. 85, 94 (2023); *AMG Capital Management, LLC v. FTC*, 593 U. S. 67, 77 (2021)).

-4-

(as the Representative of Puerto Rico Electric Power Authority), Case No. 17-04780, extended a litigation stay for at least sixty days in that matter while the parties were ordered to meet with a Mediation Team. Order Regarding PREPA Litigation Stay (Docket No. 5286), *In re Puerto Rico Power Authority*, Bankr. No. 17-04780 (D.P.R. July 11, 2024).

Additionally, on July 15, 2024, the Bankruptcy Court for the District of Delware concluded that *Purdue Pharma* does not preclude bankruptcy courts from granting third parties the protection of a preliminary injunction. *In re Parlement Techs., Inc. (f/k/a Parler LLC, f/k/a Parler, Inc.)*, No. 24-10755 (CTG), 2024 WL 3417084, slip op. at *1 (Bankr. D. Del. July 15, 2024) (citations omitted). The Bankruptcy Court for the District of Delware concluded that "[f]ollowing *Purdue Pharma*, 'success on the merits' cannot be based on the likelihood that the non-debtor would be entitled to a non-consensual third-party release through the plan process." *In re Parlement Techs., Inc.*, 2024 WL 3417084, slip op. at at *1.

That court ruled that "[a] preliminary injunction may still be granted if the Court concludes that (a) providing the debtor's management a breathing spell from the distraction of other litigation is necessary to permit the debtor to focus on the reorganization of its business or (b) because it believes the parties may ultimately be able to negotiate a plan that includes a consensual resolution of the claims against the non-debtors," reasoning that both of those outcomes can be viewed as "success on the merits" for this purpose. *Id.* The court reasoned that "[g]ranting a preliminary injunction based on a finding that the debtor is likely to succeed in this sense (which is how bankruptcy courts that have entered such preliminary injunctions have typically described the basis for doing so) does not depend at all on the principle rejected by *Purdue Pharma* that a bankruptcy court may grant a non-consensual third-party release." *Id.* However, the court noted that the burden

-5-

to show entitlement to a preliminary injunction is still on the party seeking such relief. *Id.*

The court held that a preliminary injunction in that case was not warranted, finding the factors necessary for a preliminary injunction were not met. *Id.* at *7 n.30 (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).

### IV. Analysis

In its Memorandum of Law, the Debtor argued there is authority for the relief sought under *In re Gander Partners LLC*. *See* Debtor's Mem. of Law (Adv. Docket No. 19), p. 3 (citing *In re Gander Partners LLC*, 432 B.R. at 787). In *Gander*, the court stated that "[t]he Seventh Circuit held in *Fisher* that a bankruptcy court may enjoin proceedings in other courts under the following circumstances: (1) when such proceedings defeat or impair its jurisdiction over the case before it; (2) the moving party has established a likelihood of success on the merits; and (3) the court must consider whether the injunction will harm the public interest." *Id.* at 788 (citing *Fisher*, 155 F.3d at 882).

In *Gander*, the court found the first requirement, impairment of the court's jurisdiction, was met where the Debtor's principals' assets were a "source of funds for the Debtors' reorganization efforts" and preserving their credit standing would "play a vital role in the Debtors' efforts to refinance" mortgage debt secured by the Debtors' principals' guarantees. 432 B.R. at 783-84, 788. The court reasoned that "[i]f the state court lawsuits [sought to be stayed] lead to judgments against the principals, the principals' credit standings could be adversely affected, endangering the Debtors by decreasing their ability to guarantee the Debtors' efforts to refinance . . . ." the secured debt at issue. *Id.* at 788. Second, the court found that there was a "reasonable likelihood of a successful reorganization" because the Debtors' principals had "contributed their time, energy and money to

-6-

the Debtors in the past and are capable of continuing to contribute their time, energy and money to the Debtors' future reorganization efforts." *Id.* Lastly, the court found temporarily staying the state court lawsuits served the public interest because "the limited delay" would foster the Debtors' reorganization." *Id.* at 789 ("[P]romoting a successful reorganization is one of the most important public interests.") (quoting *In re Integrated Health Services, Inc.*, 281 B.R. 231, 239 (Bankr. D. Del. 2002)).

Like in *Gander*, here, the Debtor has met its burden to show each requirement is satisfied. *In re Gander Partners LLC*, 432 B.R. at 788. The Debtor argues that its principals at issue are "responsible for all management, accounting and operations" of the Debtor. Motion (Adv. Docket No. 3), ¶ 4, *Coast to Coast Leasing, LLC v. M&T Equip. Fin. Corp. (In re Coast to Coast Leasing, LLC)*, Ch. 11 Case No. 24-03056, Adv. No. 24-00172. It argues "[i]f they are distracted from these efforts by reason of their having to defend multiple lawsuits, the reorganization . . . would be thwarted and this Court's jurisdiction to oversee the reorganization would be impaired." *Id.* It argues it and/or its affiliate, Nationwide Cargo Incorporated, employs more than 200 drivers who transport food products throughout the country. *Id.*, ¶ 3. It alleges the harm to Debtor far outweighs the harm to the affected creditors, who are "large, often multi-national enterprises, well able to withstand a delay in the pursuit of a lawsuit while a reorganization case proceeds." *Id.*, ¶ 7.

The first requirement is met as the Debtor's principals intend to fund the plan, and their credit will play a vital role in the reorganization efforts. The state court lawsuits could impair this court's jurisdiction to assist the Debtor to reorganize, since the source of funds to assist the reorganization could be jeopardized. *See In re Gander Partners LLC*, 432 B.R. at 788; *see also* Debtor's Mem. of Law (Adv. Docket No. 19), p. 3, *Coast to Coast Leasing, LLC v. M&T Equip. Fin.*

*Corp.* (*In re Coast to Coast Leasing, LLC*), Ch. 11 Case No. 24-03056, Adv. No. 24-00172 (indicating that the Debtor's principals and entities at issue intend to help fund the plan).

The second requirement, a "reasonable likelihood of a successful reorganization" is met. Similar to *In re Gander Partners LLC*, the Debtors' principals have previously "contributed their time, energy and money to the Debtors" and can continue contributing "their time, energy and money to the Debtors' future reorganization efforts." *In re Gander Partners LLC*, 432 B.R. at 788.

Third, temporarily staying the state court lawsuits at issue serves the public interest. The temporary stay may foster the Debtor's reorganization. *Id.* at 789 (quoting *In re Integrated Health Services, Inc.*, 281 B.R. 231, 239 (Bankr. D. Del. 2002)).

### IV. Conclusion and Order

For the reasons described above, it is HEREBY ORDERED that:

1. The Motion (Adv. Docket No. 3) is GRANTED.

2. The Defendants, M&T Equipment Finance Corporation, Siemens Financial Services, Inc., and Crossroads Equipment Lease and Finance, LLC are restrained and enjoined, pending a further hearing on Tuesday, July 30, 2024 at 1:30 p.m., from continuing any action against Hristo (Chris) Angelov, Petar (Peter) Trendafilov, Petar (Peter) Panteleymonov, Nationwide Cargo Incorporated, or Five Star Garage in any pending or threatened civil litigation.

3. The court will not require the Movant to give security because adequate protection payments are being made.

4. A separate order consistent with this Opinion will be entered.

5. This Temporary Restraining Order will take effect on July 17, 2024 at 6:00 p.m. It will expire 14 days later, on July 31, 2024 at 6:00 p.m. *See* Fed. R. Bank. P. 7065(b)(2). The court will

consider extending this order at a Status Hearing on July 30, 2024 at 1:30 p.m.

**Date:** July 17, 2024                                  **ENTER:** _____

J. Cox

Chief Judge Jacqueline P. Cox
U.S. Bankruptcy Court
Northern District of Illinois